IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14cv65

| | |
|---|---|
| CAROL MCCRORY and BRENDA CLARK, ) ) ) Plaintiffs, ) ) v. ) ) THE STATE OF NORTH ) CAROLINA, et al., ) ) Defendants. ) _____ ) | ORDER |

Pending before the Court is the Motion to Stay [# 8]. Defendants move to stay this case pending a ruling from the United States Court of Appeals for the Fourth Circuit in Bostic v. Rainey. Previously, the Court directed Plaintiffs to respond to the Motion to Stay and granted Defendants an extension of time until June 10, 2014, to answer or otherwise respond to the Complaint. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **GRANTS** the motion [# 8].

I. Analysis

As the United States Supreme Court has explained, "the power to stay proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 166 (1936). "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." United States v. Georgia Pacific Corp., 562 F.2d 294, 296 (4th Cir. 1977); see also Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013).

The Court finds that staying this case pending the resolution of Bostic in the Fourth Circuit is the most efficient means of managing these proceedings. Although Bostic concerns the constitutionality of Virginia's legislated prohibition on same-sex marriage, see Bostic v. Rainey, Civil No. 2:13cv395, 2014 WL 561978 (E.D. Va. Feb. 13, 2014), the analysis of the constitutional issues before the Fourth Circuit will be extremely pertinent, if not dispositive, of the issues in this case – namely, whether North Carolina's marriage laws that define marriage as between a man and a woman are constitutional. The Court finds that it would be a waste of judicial resources, as well as the resources of the State and the Plaintiffs, to move forward in this case prior to a decision in Bostic. Put simply, the outcome in Bostic will in all likelihood shape the outcome of this litigation.

Although the Court recognizes that a stay will delay these proceedings, the stay will be minimal and will ultimately lead to the more efficient resolution of this case. A panel for the Fourth Circuit has already heard oral argument in <u>Bostic</u>; decision is forthcoming. Moreover, the stay is not indefinite as Plaintiffs fear. Because this Court is bound to follow the law as set forth by the Fourth Circuit, any decision in <u>Bostic</u> will be binding on this Court, regardless of whether the Supreme Court ultimately addresses the issue. Thus, the Court will only stay these proceedings pending a final decision by the Fourth Circuit in <u>Bostic</u>. Finally, the Court notes that there is not a motion for preliminary injunction pending in this case. Accordingly, the Court **GRANTS** the motion [# 8].

**II.     Conclusion**

The Court **GRANTS** the Motion to Stay [# 8]. The Court **STAYS** this case pending a ruling from the United States Court of Appeals for the Fourth Circuit in <u>Bostic v. Rainey</u>. Either party may move to lift the stay in this case ten (10) days after the entry of a decision by the Fourth Circuit.

Signed: May 19, 2014

Dennis L. Howell
United States Magistrate Judge