IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CAROL C. McCRORY, *et al.*,<br>　　　*Plaintiffs*,<br><br>v.<br><br>STATE OF NORTH CAROLINA, *et al.*,<br>　　　*Defendants*,<br><br>and<br><br>THOM TILLIS, North Carolina Speaker of the House of Representatives and PHIL BERGER, President Pro Tempore of the North Carolina Senate,<br>　　　*Proposed Intervenor-Defendants*. | Case No.: 1:14-cv-00065 |

**PROPOSED DEFENDANT-INTERVENORS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR INTERVENTION**

Robert D. Potter, Jr.
Attorney at Law
5821 Fairview Road, Suite 207
Charlotte, NC 28209
(704) 552-7742
(704) 552-9287 Fax
rdpotter@rdpotterlaw.com
NC State Bar No. 17553

Noel Johnson*
ACTRIGHT LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599
(888) 815-5641 Fax
njohnson@actrightlegal.org

John C. Eastman*
　*Lead Counsel*
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(877) 855-3330
(714) 844-4817 Fax
jeastman@chapman.edu



*Attorneys for Proposed Defendant-Intervenors*

* *Notice of Special Appearance to be filed.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................... 3

    I.  Proposed Intervenors Are Entitled to Intervene as of Right Under Rule 24(a). ................. 3

        A.  Proposed Intervenors Have Timely Filed This Motion. ............................................... 3

        B.  Proposed Intervenors Have Significantly Protectable Interests in the Subject of this Action as Well As Article III Standing. .......................................................... 6

        C.  An Adverse Ruling by this Court Will Impair Proposed Intervenors' Significantly Protectable Interests in Defending North Carolina Law. ............................. 8

        D.  The Existing Parties Have Already Demonstrated That They Are No Longer Adequately Representing the Interests of Proposed Intervenors. ................................. 8

    II.  Alternatively, Proposed Intervenors Should Be Granted Permissive Intervention........... 11

CONCLUSION............................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Alt v. U.S. E.P.A.*,
  758 F.3d 588 (4th Cir. 2014) ................................................................................................ 4, 11

*Arizonans for Official English v. Arizona*,
  520 U.S. 43 (1997) ......................................................................................................................... 6

*Associated Builders and Contractors, Saginaw Valley Area Chapter v. Perry*,
  115 F.3d 386 (6th Cir. 1997) ......................................................................................................... 5

*Baker v. Nelson*,
  409 U.S. 810 (1972) ...................................................................................................................... 9

*Black v. Cent. Motor Lines, Inc.*,
  500 F.2d 407 (4th Cir. 1974) ........................................................................................................ 4

*Bostic v. Rainey*,
  970 F. Supp. 2d 456 (E.D. Va. 2014) ........................................................................................... 9

*Brink v. DaLesio*,
  667 F.2d 420 (4th Cir.1981) ................................................................................................. 3, 11

*Chesapeake Bay Found. v. Am. Recovery Co.*,
  769 F.2d 207 (4th Cir. 1985) ........................................................................................................ 3

*Commonwealth of Virginia v. Westinghouse Elec. Corp.*,
  542 F.2d 214 (4th Cir. 1976) ........................................................................................................ 9

*Hicks v. Miranda*,
  422 U.S. 332 (1975) .................................................................................................................... 10

*Hill v. W. Elec. Co.*,
  672 F.2d 381 (4th Cir. 1982) ........................................................................................................ 6

*Hollingsworth v. Perry*,
  133 S. Ct. 2652 (2013) .................................................................................................................. 7

*Houston General Insurance Co. v. Moore*,
  193 F.3d 838 (4th Cir. 1999) ........................................................................................................ 3

*INS v. Chadha*,
  462 U.S. 919 (1983) ...................................................................................................................... 7

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page iii
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 3 of 18

*Karcher v. May*,
  484 U.S. 72 (1987) ............................................................................................................. 7, 8

*McQuigg v. Bostic*,
  2014 WL 4354536 (U.S., Oct. 06, 2014) ................................................................................ 2

*Rainey v. Bostic*,
  2014 WL 3924685 (U.S., Oct. 06, 2014) ................................................................................ 2

*Reich v. ABC/York–Estes Corp.*,
  64 F.3d 316 (7th Cir.1995) ................................................................................................. 3, 6

*Ruiz v. Estelle*,
  161 F.3d 814 (5th Cir.1998) .................................................................................................... 5

*Scardelletti v. Debarr*, 265 F.3d 195 (4th Cir. 2001),
  *rev'd on other grounds, Devlin v. Scardelletti*, 536 U.S. 1 (2002) ....................................... 4, 11

*Schaefer v. Bostic*,
  2014 WL 4230092 (U.S., Oct. 06, 2014) ................................................................................ 2

*Thomasson v. Perry*,
  80 F.3d 915 (4th Cir. 1996) .................................................................................................. 10

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1971) ................................................................................................................ 9

*United Airlines, Inc. v. McDonald*,
  432 U.S. 385 (1977) ............................................................................................................ 4, 6

*United States Casualty Co. v. Taylor*,
  64 F.2d 521 (4th Cir. 1933) .................................................................................................... 5

*United States v. City of Los Angeles*,
  288 F.3d 391 (9th Cir. 2002) .................................................................................................. 3

*Utah Ass'n of Counties v. Clinton*,
  255 F.3d 1246 (10th Cir. 2001) .............................................................................................. 5

*Washington v. Glucksberg*,
  521 U.S. 702 (1997) .............................................................................................................. 10

*WildEarth Guardians v. Nat'l Park Serv.*,
  604 F.3d 1192 (10th Cir. 2010) .............................................................................................. 3

*Wright v. Krispy Kreme Doughnuts, Inc.*,
  231 F.R.D. 475 (M.D.N.C. 2005) ........................................................................................... 3

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page iv
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 4 of 18

## Statutes and Constitutional Provisions

N.C. Const. art. XIV, § 6 ................................................................................................ 1, 7

N.C. Gen. Stat. § 1-72.2 .................................................................................................. 7, 8

N.C. Gen. Stat. § 51-1.2 ...................................................................................................... 7

N.C. Gen. Stat. Ann. § 51-1 ................................................................................................ 1

## Other Authorities

Fed. R. Civ. P. 24 advisory committee's notes ................................................................... 8

Moore, J., 3B Federal Practice 24.09—1 (4) (1969) ......................................................... 9

Press Conference of Attorney General Roy Cooper, July 28, 2014, available at
    http://www.wral.com/news/state/nccapitol/video/13846923/ ....................................... 2

## Rules

Fed. R. Civ. P. 24(a) ................................................................................................. 3, 5, 11

Fed. R. Civ. P. 24(b) ......................................................................................................... 11

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page v
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 5 of 18

## INTRODUCTION

North Carolina law has always defined marriage as an institution between one man and one woman. *See, e.g.*, N.C. Gen. Stat. Ann. § 51-1 (West) ("A valid and sufficient marriage is created by the consent of a male and female person who may lawfully marry, presently to take each other as husband and wife, freely, seriously and plainly expressed by each in the presence of the other"). Following efforts elsewhere in the country to redefine marriage to encompass same-sex relationships, the voters of North Carolina overwhelming reaffirmed the State's long-standing and biologically-rooted definition of marriage in 2012, codifying that definition in the fundamental charter of the State, the Constitution of North Carolina. N.C. Const. art. XIV, § 6 ("Amendment 1"). This intervention is about ensuring that the choice made by North Carolina voters receives its day in Court.

Plaintiffs acting pro se filed this suit on March 10, 2014, challenging the constitutionality of North Carolina's man-woman definition of marriage. This Court granted a motion to stay proceedings on May 19, 2014, before the Defendants answered the complaint. Dkt. #13. Nevertheless, Plaintiffs filed a motion to lift the stay and a motion for summary judgment on August 15, 2014. Dkt. #14. This Court denied the motions on August 25, 2014, and further ordered that "this matter is hereby STAYED pending the Supreme Court's disposition of [*Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014)], whether by denial of the petition for writ of certiorari, or by grant of such petition and a judgment by the Court." Dkt. #15. In part based on concessions made by the Attorney General of Virginia after he switched sides in the *Bostic* case, the Fourth Circuit ruled that Virginia's marriage laws were unconstitutional, and on October 6, 2014, the Supreme Court denied the three petitions for writ of certiorari that had been filed in the case. *Rainey v. Bostic*, 2014 WL 3924685 (U.S., Oct. 06,

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 1
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 6 of 18

2014); *Schaefer v. Bostic*, 2014 WL 4230092 (U.S., Oct. 06, 2014); and *McQuigg v. Bostic*, 2014 WL 4354536 (U.S., Oct. 06, 2014). On the same day that the ruling in *Bostic* was issued by the Fourth Circuit, the Attorney General of North Carolina—a named defendant and also counsel for the other state defendants in these cases—announced that he would "stop making arguments" in defense of North Carolina's marriage laws and that "the State of North Carolina will not oppose the case moving forward." Press Conference of Attorney General Roy Cooper, July 28, 2014, available at http://www.wral.com/news/state/nccapitol/video/13846923/.

On October 7, 2014, the District Court for the Middle District of North Carolina lifted its stay of proceedings in two parallel cases, and the Attorney General of North Carolina filed a status report announcing that he believed *Bostic* controlled the outcome of these cases and thereby confirming that the named defendants would no longer be defending North Carolina's marriage laws.

Pursuant to North Carolina law, the elected leaders of the General Assembly now seek to intervene in order to continue the defense of North Carolina's marriage laws that the Attorney General has decided to forego. They will argue that because *Bostic* was based in part on outcome-determinative concessions made by the Virginia Attorney General that have not been made in this litigation, *Bostic* does not control. In the event that this Court determines that *Bostic* nevertheless controls these North Carolina cases, Proposed Defendant-Intervenors will seek to preserve the issue of the constitutionality of North Carolina's marriage laws for purposes of appeal to the Fourth Circuit, the Fourth Circuit sitting en banc, and ultimately to the Supreme Court if necessary.

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 2
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 7 of 18

# ARGUMENT

## I. Proposed Intervenors Are Entitled to Intervene as of Right Under Rule 24(a).

In order to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an application for intervention "must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston General Insurance Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Each of these requirements must be evaluated liberally in favor of intervention. *See*, *e.g.*, *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002); *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). Moreover, the court should "accept as true the nonconclusory allegations made in support of an intervention motion." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001); *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 321 (7th Cir.1995); *Chesapeake Bay Found. v. Am. Recovery Co.*, 769 F.2d 207, 209 n.\* (4th Cir. 1985).

Proposed Intervenors satisfy all four requirements for intervention as of right.

### A. Proposed Intervenors Have Timely Filed This Motion.

Under Rule 24(a)(2) intervention as of right, "the timeliness requirement ... should not be as strictly enforced as in a case where intervention is only permissive." *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir.1981); *Wright v. Krispy Kreme Doughnuts, Inc.*, 231 F.R.D. 475, 477 (M.D.N.C. 2005). Several factors determine if the application is timely: "how far the suit has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene." *Scardelletti v. Debarr*, 265 F.3d 195, 203 (4th Cir. 2001),

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 3
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 8 of 18

*rev'd on other grounds, Devlin v. Scardelletti*, 536 U.S. 1 (2002).

(1) This motion is timely notwithstanding the time that has transpired since the case was originally filed on March 10, 2014. This Court stayed proceedings pending resolution of a similar case out of Virginia that was then pending before the Fourth Circuit Court of Appeal before Defendants filed an answer or otherwise responded to the complaint. No discovery has been taken, and although Plaintiffs filed a motion for summary judgment while the stay was in effect, this Court denied that motion and reiterated that the case was STAYED pending resolution of the petition for writ of cer tiorari in the *Bostic* case. No trial date has been set, and no judgment has been issued. *Compare Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (affirming denial of motion to intervene as untimely where "the proceedings below had already reached a relatively advanced stage," "several months of settlement negotiations had transpired," a "motion to dismiss had been fully briefed, argued, and denied," and "summary judgment briefing and related proceedings had commenced and were ongoing" such that the trial court "was reasonably reluctant to arrest the momentum of the lawsuit so near to its final resolution").

The principal purpose of this intervention is to ensure that North Carolina's marriage laws are adequately defended by the elected leaders of the legislature, as authorized by North Carolina law, now that the Attorney General has determined to no longer defend North Carolina's marriage laws, and to ensure that there is a party willing and able to appeal any ruling against those laws, an interest that can easily be accommodated at this stage of the litigation. Indeed, courts frequently permit intervention even after trial for the purpose of appealing an adverse ruling. *See, e.g, United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 (1977); *see also Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974) (citing

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 4
Case 1:14-cv-00065-MOC-DLH    Document 18    Filed 10/09/14    Page 9 of 18

cases which have allowed intervention even after entry of judgment "so that the intervenor could prosecute an appeal which an existing party had decided not to take"); *United States Casualty Co. v. Taylor*, 64 F.2d 521, 527 (4th Cir. 1933). As the Fourth Circuit has explained, intervention "may be allowed after a final decree when it is necessary to do to preserve some right which cannot otherwise be protected." *United States Casualty,* 64 F.2d at 527. Allowing intervention to facilitate appellate review is especially appropriate where a substantial question, such as the constitutionality of a provision of the North Carolina Constitution, might otherwise be left unsettled by the Supreme Court. *See Associated Builders and Contractors, Saginaw Valley Area Chapter v. Perry*, 115 F.3d 386, 391 (6th Cir. 1997) ("The existence of a substantial unsettled question of law is a proper circumstance for allowing intervention and appeal. [citation omitted]. Where such uncertainty exists, one whose interests have been adversely affected by a district court's decision should be entitled to receive the protection of appellate review.") (internal quotation marks omitted).

(2) Allowing intervention will not cause undue delay or unfairly prejudice the parties. Proposed Intervenor hereby adopts as its own the briefs previously filed by Defendants in opposition to Plaintiffs' motions for preliminary injunction. Any further proceedings that will be required will therefore be no different than would have been required had the named Defendants continued to defend North Carolina's marriage laws. There is therefore no "unfair[] prejudice" or "undue delay" of the sort contemplated by Rule 24. "The prejudice prong of the timeliness inquiry 'measures prejudice caused by the intervenors' delay—not by the intervention itself." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1251 (10th Cir. 2001) (quoting *Ruiz v. Estelle*, 161 F.3d 814, 828 (5th Cir.1998)).

(3) Moreover, there is good reason why proposed intervenors did not previously seek to

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 5
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 10 of 18

intervene. The Attorney General only confirmed two days ago, on October 7, 2014, in the status report he filed with the district court in the Middle District, that he would not be defending North Carolina's marriage laws. Until that point, the elected leaders of the General Assembly had no reason to intervene because their interests were being adequately represented by the Attorney General. Proposed Intervenors then moved quite expeditiously—within two days—to submit this motion once their interests were no longer being adequately represented. That is more than adequate reason for the timing of proposed intervenors' motion. *See, e.g.*, *Reich*, 64 F.3d at 322 (holding that motion to intervene filed nineteen months after intervenors became aware of the suit was timely because filed "posthaste" as soon as they discovered the defendant in the case "was not adequately representing them"); *cf. Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982) ("In a class action the critical issue with respect to timeliness is whether the proposed intervenor moved to intervene 'as soon as it became clear ... that the interests of the unnamed class members would no longer be protected by the named class representatives'" (quoting *United Airlines, Inc. v. McDonald*, 432 U.S. at 394).

  B. **Proposed Intervenors Have Significantly Protectable Interests in the Subject of this Action as Well As Article III Standing.**

The elected leaders of the North Carolina Senate and North Carolina House of Representatives have Article III standing and significantly protectable interests in this litigation entitling them to intervene as a matter of right in the above-captioned matters. "[S]tate legislators have standing to contest a decision holding a state statute unconstitutional if state law authorizes legislators to represent the State's interests." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65 (1997). As the Supreme Court explained two terms ago in *Hollingsworth v. Perry*, "[n]o one doubts that a State has a cognizable interest 'in the continued enforceability' of its laws that is harmed by a judicial decision declaring a state law

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 6
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 11 of 18

unconstitutional. To vindicate that interest or any other, a State must be able to designate agents to represent it in federal court. That agent is typically the State's attorney general. But state law may provide for other officials to speak for the State in federal court." 133 S. Ct. 2652, 2664 (2013); *see also Karcher v. May*, 484 U.S. 72, 82 (1987); *INS v. Chadha*, 462 U.S. 919, 930 n.5, 939-40 (1983).

>North Carolina law does so provide:
>
>The Speaker of the House of Representatives and the President Pro Tempore of the Senate, as agents of the State, *shall* jointly have standing to intervene on behalf of the General Assembly as a party in any judicial proceeding challenging a North Carolina statute or provision of the North Carolina Constitution.

N.C. Gen. Stat. § 1-72.2 (emphasis added). In the present case, intervention is proper because state law authorizes the proposed intervenors to become a party to any judicial proceeding challenging a North Carolina statute and because proposed intervenors have a significant interest that directly involves questions of law or fact in common with the litigation. In particular, proposed intervenors have a vital interest in defending the legislation it has passed and thus deemed constitutional, as well as defending the provision of the North Carolina Constitution adopted by the People of the State. *See* N.C. Gen. Stat. § 51-1.2; N.C. Const. art. XIV, § 6 ("Amendment 1"). The relief Plaintiffs seek in these cases—to have these marriage provisions declared unconstitutional and their enforcement permanently enjoined—would nullify the legislation duly enacted by the legislature and the constitutional provision duly adopted by the People, and thereby undermine the State's "interest 'in the continued enforceability' of its laws." *Hollingsworth*, 133 S. Ct. at 2664. Thus, because proposed intervenors have a direct and substantial interest in defending North Carolina's marriage law and because their interests are not adequately protected by the current Defendants (who have just recently confirmed that they will no longer be offering a defense), the denial of this motion

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 7
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 12 of 18

to intervene would significantly impair the ability of proposed intervenors to protect North Carolina's interests.

### C. An Adverse Ruling by this Court Will Impair Proposed Intervenors' Significantly Protectable Interests in Defending North Carolina Law.

Rule 24's advisory committee notes state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory committee's notes. There is no question that the State of North Carolina's interest in the constitutionality of its laws and constitutional provisions will be impaired by a judgment in favor of Plaintiffs, and North Carolina expressly assigns defense of that interest to "The Speaker of the House of Representatives and the President Pro Tempore of the Senate, as agents of the State, [who] shall jointly have standing to intervene on behalf of the General Assembly as a party in any judicial proceeding challenging a North Carolina statute or provision of the North Carolina Constitution. N.C. Gen. Stat. § 1-72.2.

Moreover, the Supreme Court has expressly recognized that the officers of a state legislature, acting through its legislative leaders, is "permitted to intervene [in litigation challenging the constitutionality of state law] because it was responsible for enacting the statute [at issue] and because no other party defendant was willing to defend the statute." *Karcher*, 484 U.S. at 80.

Proposed Intervenors therefore have significantly protectable interest in defending North Carolina's marriage laws that will be impaired by any adverse judgment by this Court.

### D. The Existing Parties Have Already Demonstrated That They Are No Longer Adequately Representing the Interests of Proposed Intervenors.

Proposed intervenors' "burden of showing an inadequacy of representation is minimal."

*Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1971). "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich*, 404 U.S. at 540 (citing 3B J. Moore, Federal Practice 24.09—1 (4) (1969)). Courts consider the following three factors:

> (1) Whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary element to the proceedings that other patties would neglect.

*Southwest Ctr.*, 268 F.3d at 822.

In the status report filed on October 7, 2014 in the parallel cases out of the Middle District, the Attorney General announced his view that "the mandated issued by the Fourth Circuit in *Bostic v. Schaefer* constitutes binding precedent on this Court." It is therefore evident that the existing defendants have no intention of seeking to distinguish *Bostic* on the ground that outcome-determinative concessions made by the Attorney General of Virginia in that case have not been made by North Carolina in these cases. For example, after changing positions in the case to side with Plaintiffs, the Virginia Attorney General conceded that directly-on-point, binding precedent of the Supreme Court in *Baker v. Nelson*, 409 U.S. 810 (1972), no longer has "resonance" today and therefore need not be followed. Notice of Supplemental Authority at 1, *Bostic v. Rainey*, 970 F. Supp. 2d 456 (E.D. Va. 2014) (No. 2:13-cv-00395, Dkt. #134, Feb. 12, 2014). In his briefing before the Fourth Circuit, the Attorney General referred to the case as "the Supreme Court's one-sentence dismissal in *Baker v. Nelson*, in 1972," Brief on Behalf of Janet M. Rainey at 53-54, Dkt. #127, *Bostic v. Schaefer*, No. 14-01167 (4th Cir., April 11, 2014), a line that was parroted by the Fourth Circuit in its opinion. *Bostic v. Schaefer*, 760 F.3d at 373. And the Attorney General argued that *Baker* was

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 9
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 14 of 18

no longer good law because "doctrinal developments" had undermined its value as binding precedent, Rainey Br. at 54 (citing *Hicks v. Miranda*, 422 U.S. 332, 344 (1975)), failing to advise the Court of the Supreme Court's quite explicit instruction in *Hicks* that even when doctrinal developments have undermined Supreme Court precedent, it is for the Supreme Court, not the lower courts, to say so. The Court of Appeals adopted the Attorney General's position, including omitting from its analysis the Supreme Court's admonition "that the lower courts are bound by summary decisions by this Court until such time as the Court informs (them) that (they) are not." *Hicks*, 422 U.S. at 344-45 (1975) (internal quotation marks omitted). *See Bostic*, 760 F.3d at 373.

The Attorney General also urged the Court to apply heightened scrutiny despite existing Fourth Circuit precedent to the contrary. Rainey Br. at 17, 24-25. The holding of *Thomasson v. Perry*, 80 F.3d 915 (4th Cir. 1996), applying rational basis review "is limited to the military," the Attorney General contended, adding that "Fourth Circuit precedent does not foreclose heightened scrutiny." Br. at 26-27. Additionally, the Attorney General argued that strict scrutiny should apply because marriage is a fundamental right, stating that the Supreme Court's methodology for determining new fundamental rights set out in *Washington v. Glucksberg*, 521 U.S. 702 (1997), is "inapplicable" because "the right to marry has already been established as a fundamental right." Rainey Br. at 23-24. The Attorney General even conceded that the district court "correctly held that Virginia's ban on same-sex marriage *could not satisfy rational-basis review*, let alone heightened or strict scrutiny." Rainey Br. at 13 (emphasis added).

Not surprisingly, given these significant and unnecessary concessions by the Attorney General of Virginia, the Fourth Circuit held that strict scrutiny applied, and then determined

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 10
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 15 of 18

that Virginia's marriage laws could not survive that highest level of scrutiny. *Bostic*, 760 F.3d at 377, 384.

Even if this Court determines that *Bostic* is nevertheless binding despite its reliance on concessions made in that case that have not been made here, preserving the significant issues at issue in this case for ultimate appeal to the Supreme Court is itself grounds for granting the motion to intervene, since the Attorney General appears to have determined not to file any appeal from an adverse judgment.

## II. Alternatively, Proposed Intervenors Should Be Granted Permissive Intervention.

Courts have broad discretion to grant permissive intervention under Fed. R. Civ. P. 24(b). Unlike intervention as of right, a significantly protectable interest is not required. All that is required is that the application for intervention be timely and that the applicant's claim or defense, and the main action, have a question of law or question of fact in common. *Scardelletti*, 265 F.3d at 202. Proposed Intervenors meet each of these requirements, and they have a significantly protectable interest sufficient to give them standing in their own right as well.

First, this motion is timely. Although the Fourth Circuit has held that "the timeliness requirement of Rule 24 should not be as strictly enforced [for intervention as of right] as in a case where intervention is only permissive," *Scardelletti*, 265 F.3d at 203 (quoting *Brink*, 667 F.2d at 428), it applies the same set of factors to the timeliness inquiry for both intervention of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(2), *Alt*, 758 F.3d at 591. For the reasons set out in Section I.A above, those factors all support the timeliness of this motion to intervene.

Second, Proposed Intervenors' defenses to Plaintiffs' claims present questions of law

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 11
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 16 of 18

and fact in common with all the defendants, even though the Proposed Intervenors will continue to provide the defense that the existing defendants have now determined not to provide.

Finally, as noted out the outset, Proposed Intervenors have standing to intervene by virtue of explicit authority under North Carolina law, which provides independent grounds for jurisdiction that would allow Proposed Intervenors to pursue an appeal on their own even if they are granted only permissive intervention.

Proposed Intervenors thus meet the requirements for permissive intervention.

## CONCLUSION

The motion to intervene should be granted.

Respectfully submitted, this the 9th day of October, 2014.

/s/ Robert D. Potter, Jr.
Robert D. Potter, Jr.
Attorney at Law
5821 Fairview Road, Suite 207
Charlotte, NC 28209
(704) 552-7742
(704) 552-9287 Fax
rdpotter@rdpotterlaw.com
NC State Bar No. 17553

Noel Johnson*
ACTRIGHT LEGAL FOUNDATION
209 West Main Street
Plainfield, IN 46168
(317) 203-5599
(888) 815-5641 Fax
njohnson@actrightlegal.org

John C. Eastman*
  *Lead Counsel*
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(877) 855-3330
(714) 844-4817 Fax
jeastman@chapman.edu

*Attorneys for Proposed Defendant-Intervenors*

* *Notice of Special Appearance to be filed.*

Proposed Defendant-Intervenors' Memorandum of Law
in support of Motion for Intervention – Page 12
Case 1:14-cv-00065-MOC-DLH   Document 18   Filed 10/09/14   Page 17 of 18

CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR INTEVENTION with the clerk of the Court for the United States District Court for the Western District of North Carolina Circuit by using the CM/ECF system.

All participants except Plaintiffs in the case are registered CM/ECF users and will be served by the appellate CM/ECF system. Plaintiffs were served by US Mail, postage prepaid and addressed as follows:

> Carol C. McCrory
> Brenda S. Clark
> 90 Hickory Forest Rd
> Fairview, NC 28730

Dated: October 9, 2014

/s/ Robert D. Potter, Jr.
Robert D. Potter, Jr.
Attorney at Law
5821 Fairview Road, Suite 207
Charlotte, NC 28209
(704) 552-7742
(704) 552-9287 Fax
rdpotter@rdpotterlaw.com
NC State Bar No. 17553

*On Behalf of Counsel for*
*Proposed Defendant-Intervenors*